UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAUS CUCURELLA,

      Plaintiff,

v.                          Case No. 8:21-cv-1105-VMC-AEP

WAL-MART STORES EAST, LP,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment (Doc. # 31), filed on May 4, 2022. Plaintiff Nicholaus Cucurella responded on May 25, 2022. (Doc. # 43). Wal-Mart replied on June 8, 2022. (Doc. # 48). For the reasons that follow, the Motion is denied.

I.   **Background**

Cucurella initiated this slip-and-fall action against Wal-Mart in state court on February 25, 2021. (Doc. # 1-2). Wal-Mart removed the case to this Court on May 6, 2021. (Doc. # 1). In the complaint, Cucurella asserts a claim for negligence against Wal-Mart based on a fall he suffered at a Wal-Mart store on April 29, 2019. (Doc. # 1-2 at 2-4).

Cucurella alleges that he slipped on a liquid and fell as he was proceeding through the store on the way to the registers. (Doc. # 31-2 Cucurella Dep. at 54:25-55:17; 61:14-21). He did not see the substance before he slipped, but after the incident observed it was a clear, tinted liquid that had collected into a 7-8-inch puddle in a spot where "the floor dipped a little bit." (Id. at 61:19-63:15). Cheyenne Lentz, who accompanied Cucurella at the store and witnessed the fall, testified that she saw water on the floor. (Doc. # 31-3 Lentz Dep. at 12:3-16, 17:15-18, 20:5-9). Neither Cucurella nor Lentz knew how long the liquid was on the floor and neither observed any debris, track marks, or footprints inside of it. (Id. at 20:10-23, 21:5-22:1, 23:8-10, 24:5-7; Doc. # 31-2 Cucurella Dep. at 63:16-21).

Cucurella does not know what caused the liquid to be on the floor. But he suspects the source was either a floor cleaning machine called a floor scrubber or a leaking freezer. (Doc. # 31-2 Cucurella Dep. at 64:12-21). The floor scrubber is a machine used to clean Wal-Mart's floors in the evening by dispensing water onto the ground. (Doc. # 43-4 Ryans Dep. at 22:11-22; Doc. # 43-5 Navarro Dep. at 20:13-21:5). The floor scrubber has a squeegee attached to the back of the scrubber to absorb the dispensed water as the floor scrubber

passes. (Doc. # 43-4 Ryans Dep. at 21:24-22:10, 22:19-22; Doc. # 43-5 Navarro Dep. at 20:22-25). Wal-Mart's standard operating procedure is to trail mop any water trails or puddles left behind by the floor scrubber "during turns, along edges, and in low spots on the floor." (Doc. # 43-6 at 3). Wal-Mart maintenance employee Michael Ryans testified that floor scrubbers do sometimes leak. (Doc. # 43-4 Ryans Dep. at 29:1-19).

Cucurella's fall was captured on the store's surveillance video. (Doc. # 43-2). The video shows Wal-Mart employee Ryans riding the floor scrubber up the relevant aisle only four minutes before Cucurella slips and falls. (Id.). Notably, the spot on which Cucurella slips looks different — larger, shiny, and possibly wet — after the scrubber goes down the aisle. Four still photographs taken from the video capture the sequence of events. The aisle at 1:33 AM:



The aisle with Ryans riding the floor scrubber at 1:34 AM:



The aisle right after Ryans used the floor scrubber on the relevant portion of the floor, also at 1:34 AM:



Cucurella fallen on the same spot at 1:38 AM:



(Doc. # 43-3).

Wal-Mart moved for summary judgment on May 4, 2022. (Doc. # 31). Cucurella has responded (Doc. # 43), and Wal-Mart has replied. (Doc. # 48). The Motion is ripe for review.

## II.   **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742

(11th Cir. 1996) (citing <u>Hairston v. Gainesville Sun Publ'g</u> <u>Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting <u>Celotex</u>, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. <u>Shotz v. City of Plantation</u>, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference

from the facts, and if that inference introduces a genuine issue of material fact, the Court should not grant summary judgment. <u>Samples ex rel. Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981).

III. **<u>Analysis</u>**

Wal-Mart argues that summary judgment is appropriate because "Wal-Mart did not have actual or constructive notice of this alleged condition" and, thus, "Cucurella cannot establish a prima facie case under Section 768.0755, Florida Statute." (Doc. # 31 at 1).

"A cause of action based on negligence comprises four elements: (1) a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) a causal connection between defendant's breach and plaintiff's injury; and (4) actual loss or damage." <u>Mangano v. Garden Fresh Rest. Corp.</u>, No. 2:15-cv-477-JES-MRM, 2019 WL 175277, at *2 (M.D. Fla. Jan. 11, 2019) (citing <u>Clay Elec. Coop., Inc. v. Johnson</u>, 873 So. 2d 1182, 1185 (Fla. 2003)).

Important to the second element of a negligence claim, Section 768.0755, Florida Statutes, provides that: "If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). "Florida courts have held that under the current version of the statute, proof of actual or constructive knowledge is a necessary element of a slip and fall claim." Mangano, 2019 WL 175277, at *3 (citing Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 426 (Fla. 4th DCA 2014)).

"Constructive knowledge may be proven by circumstantial evidence showing that: (a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1). Actual knowledge of a dangerous condition exists when a business owner's employees or agents know of or create the dangerous condition. Barbour v. Brinker Fla., Inc., 801 So. 2d 953, 957 (Fla. 5th DCA 2001). "When the negligence which produces the injury is that of an employee of the defendant,

then the matter of the employer's knowledge of the existence of the dangerous condition becomes inconsequential because the knowledge of the employee is chargeable against the employer and his negligent act committed in the course of his employment is binding upon the employer." Id.

In his response to Wal-Mart's Motion, Cucurella makes no argument that Wal-Mart had constructive knowledge of the puddle on which he slipped. (Doc. # 43). Thus, he has abandoned any argument that Wal-Mart possessed constructive knowledge. See Edmondson v. Bd. of Trs. of Univ. of Ala., 258 F. App'x 250, 253 (11th Cir. 2007) ("In opposing a motion for summary judgment, a party may not rely on her pleadings to avoid judgment against her. There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."); Powell v. Am. Remediation & Envtl., Inc., 61 F. Supp. 3d 1244, 1253 n.9 (S.D. Ala. 2014) ("[W]here the non-moving party fails to address a particular claim asserted in the summary judgment motion but has responded to other claims made by the movant, the district court may properly consider the non-movant's

default as intentional and therefore consider the claim abandoned."), aff'd, 618 F. App'x 974 (11th Cir. 2015). Given Cucurella's abandonment of this argument and the record evidence highlighted by Wal-Mart (Doc. # 31 at 11-12), there is no genuine dispute regarding the constructive knowledge theory and Cucurella may not proceed on that theory.

Instead, Cucurella argues that "there is a genuine issue of material fact concerning whether Wal-Mart had actual notice of the liquid substance on the floor in the store." (Doc. # 43 at 11). The Court agrees.

Here, a reasonable jury could conclude that Wal-Mart's employee, Michael Ryans, created the puddle while operating the floor scrubber. Cucurella maintains that the security video shows water being deposited on the floor by the scrubber machine only minutes before Cucurella slipped on that puddle:

> Wal-Mart's Surveillance Video Footage reveals a dry floor, clear of any liquid substance, for almost an entire hour prior to Wal-Mart employee, Michael Ryans, being observed utilizing the scrubber machine down action alley. (See also Surveillance Video Footage starting at 1:34:08 AM). The puddle of water is seen for the very first time, directly after Michael Ryans passes over the subject incident location with the scrubber machine. (See also Surveillance Video Footage starting at 1:34:08 AM). The subject surveillance video footage reveals the Plaintiff slipping and falling in the exact location where the puddle of water was left. (See Surveillance Video Footage starting at 1:38:50).

(Doc. # 43 at 9).

Based on the record, including the video and still photographs taken from the video (Doc. # 43-2 between 1:34:08 AM and 1:38:58 AM; Doc. # 43-3), reasonable minds could differ over whether the floor scrubber operated by Wal-Mart's employee deposited the water on which Cucurella slipped. See Toruno v. Sam's E., Inc., No. 17-21918-CIV, 2018 WL 3934653, at *4-6 (S.D. Fla. July 25, 2018) (holding "that there is a genuine dispute of material fact concerning whether Defendant's employee caused the liquid substance to be on the floor" where the plaintiff's daughter saw "a trail of liquid drops going from her mother's feet to where Defendant's employee was unloading chicken" and "the surveillance video shows Defendant's employee pushing the allegedly leaking boxes through the exact location where Plaintiff fell just minutes before the accident"), report and recommendation adopted, No. 17-CV-21918, 2018 WL 3882931 (S.D. Fla. Aug. 1, 2018). Indeed, the spot on which Cucurella slipped was treated by the floor scrubber only minutes before the incident. And that patch of floor appears shiny — possibly due to pooling water — immediately after the floor scrubber passes over it and a few minutes before Cucurella's fall.

Again, an employer has actual knowledge of a dangerous condition "when [its] employees or one of its agents knows of or creates the dangerous condition." Barbour, 801 So. 2d at 957. Thus, there is a genuine dispute over whether Wal-Mart had actual knowledge of the liquid on which Cucurella slipped. Wal-Mart's Motion is denied, and the case will proceed to trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment (Doc. # 31) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 26th day of July, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE